# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0524-19T3
                    A-0525-19T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

S.J. and J.G.,

      Defendants-Appellants,

and

C.H.,

      Defendant.

_____

IN THE MATTER OF A.J.
and A.J.G., minors.

_____

Submitted December 16, 2020 – Decided January 13, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FN-04-0107-19.

Joseph E. Krakora, Public Defender, attorney for appellant S.J. (Robyn A. Veasy, Deputy Public Defender, of counsel; Catherine Reid, Designated Counsel, on the briefs).

Joseph E. Krakora, Public Defender, attorney for appellant J.G. (Robyn A. Veasy, Deputy Public Defender, of counsel; Christine Olexa Saignor, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Eden Feld, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Noel C. Devlin, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

In this Title Nine case, S.J. and J.G. appeal from a June 4, 2019 order of the Family Part finding that they abused and neglected their two-month-old child, A.J.[1] On appeal, the parents argue that this finding was based on insufficient evidence. We affirm substantially for the reasons expressed in

---

[1] We use initials to maintain the confidentiality of the parties and their child. R. 1:38-3(d)(12).

A-0524-19T3

Judge Michael E. Joyce's thoughtful oral decision, adding only the following comments.

On the night of June 30, 2018, S.J. arrived home to find J.G. sleeping on the couch while A.J. was lying on his chest. S.J. asked him to put the baby in the bassinette and prepare a bottle. J.G. initially ignored S.J., but eventually complied. After making A.J.'s bottle, J.G. picked up S.J.'s phone and threw it against the wall.[2] In response, S.J. told J.G. she no longer wanted to be in a relationship and demanded he leave. J.G. then took A.J. from his bassinette and attempted to leave the house. S.J. objected. A struggle ensued in which S.J. endeavored to take A.J. from J.G. S.J. was unable to take A.J. from J.G. because he was holding A.J. tightly against his chest. During this tug-of-war, A.J. sustained a laceration to his head. Police arrived and charged J.G. with criminal mischief, N.J.S.A. 2C:17-3, for smashing S.J.'s phone.

S.J. brought A.J. to Lady of Lourdes Hospital in Camden, New Jersey. The hospital treated A.J.'s laceration and discharged him. On July 1, 2018, A.J. developed a fever and S.J. noticed that a portion of his skull, under the laceration, was "sinking in." S.J. returned to Lady of Lourdes Hospital, where

---

[2] S.J. testified that J.G. was still angry about an argument the couple had the day before.

A-0524-19T3

S.J. was told A.J. no longer had a fever and discharged him; A.J. received no treatment for his skull.

The following day, a DCPP worker instructed S.J. to bring A.J. to Cooper University Hospital in Camden, New Jersey. Based on the medical imaging, A.J. was diagnosed with a depressed skull fracture.

At trial, J.G. testified that S.J. was kicking and hitting him during the altercation, while S.J. testified that J.G. was "squeezing" A.J. Dr. Stephanie Lanese, an assistant professor of pediatrics, testified that she was able to determine, with a reasonable degree of medical certainty, that the altercation between S.J. and J.G. was the cause of A.J.'s injuries.

Judge Joyce found that the Division proved, by a preponderance of the credible evidence, that the parents abused A.J. pursuant to N.J.S.A. 9:6-8.21(c)(4)(b). The judge found that both parents were responsible for A.J.'s injuries and both had time to "curb their behavior." The judge ultimately determined that "but for this altercation between the mother and the father[,] and the conduct and the actions of the mother and father, this injury would not have happened."

Our scope of review of a Family Part judge's fact-finding determination of abuse or neglect is limited. We must defer to the factual findings of the

Family Part if they are sustained by "adequate, substantial, and credible evidence" in the record. N.J. Div. of Child Prot. & Permanency v. N.B., 452 N.J. Super. 513, 521 (App. Div. 2017) (citation omitted). That deference is justified because of the Family Part's "special jurisdiction and expertise in family matters." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (citation omitted). The reviewing court grants particular deference to the trial court's credibility determinations, and only overturns its determinations regarding the underlying facts and their implications when the "findings went so wide of the mark that a mistake must have been made." N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (internal quotation omitted). That said, an appellate court does not give special deference to the trial court's interpretation of the law, which it reviews de novo. D.W. v. R.W., 212 N.J. 232, 245-46 (2012).

The relevant portion of Title Nine, N.J.S.A. 9:6-8.21(c)(4), defines an "[a]bused or neglected child" to include a child under the age of eighteen,

> whose physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as the result of the failure of his parent or guardian . . . to exercise a minimum degree of care (a) in supplying the child with adequate food, clothing, shelter, education, medical or surgical care though financially able to do so or though offered financial or other reasonable means to do so, or (b) in providing the

A-0524-19T3

child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or substantial risk thereof . . . .

[N.J.S.A. 9:6-8.21(c)(4).]

Each case of alleged abuse "requires careful, individual scrutiny" and is "generally fact sensitive." N.J. Div. of Youth & Family Servs. v. P.W.R., 205 N.J. 17, 33 (2011). The "main focus" of Title Nine "is not the 'culpability of parental conduct' but rather 'the protection of children.'" Dep't of Children & Families, Div. of Child Prot. & Permanency v. E.D.-O., 223 N.J. 166, 178 (2015) (quoting G.S. v. Dep't of Human Servs., 157 N.J. 161, 177 (1999)).

The phrase "minimum degree of care" under the statute "refers to conduct that is grossly or wantonly negligent, but not necessarily intentional." G.S., 157 N.J. at 178. "[A] guardian fails to exercise a minimum degree of care when he or she is aware of the dangers inherent in a situation and fails adequately to supervise the child or recklessly creates a risk of serious injury to that child." Id. at 181. A finding of gross negligence depends on the totality of the circumstances, N.J. Div. of Youth & Family Servs. v. V.T., 423 N.J. Super. 320, 329 (App. Div. 2011), and "is determined on a case-by-case basis." N.J. Div. of Child Prot. & Permanency v. K.N.S., 441 N.J. Super. 392, 398 (App. Div. 2015) (citation omitted).

A-0524-19T3

We are satisfied there was competent, credible evidence in the record to support the judge's finding that both S.J. and J.G. abused their child because both parents participated in the June 30, 2018 altercation. As Dr. Lanese testified, the parents' altercation was the but-for cause of their two-month-old child's skull fracture. That the expert could not identify the exact mechanism of the injury does not absolve defendants of their responsibility under the statute.

To the extent we have not addressed any of the remaining arguments raised by the parties, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0524-19T3